# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2715SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the District of |
| v. | * | South Dakota. |
| | * | |
| Monica Anne White, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2001

Filed: March 1, 2001

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and DAVIS,[1] District Judge.

_____

PER CURIAM.

Monica Anne White appeals her mandatory minimum sentence imposed by the District Court[2] pursuant to a conviction for conspiracy to possess methamphetamine in violation of 21 U.S.C. § 846 and possession with the intent to distribute

_____

[1]The Hon. Michael J. Davis, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Hon. Andrew W. Bogue, United States District Judge for the District of South Dakota.

methamphetamine in violation of 21 U.S.C. § 841(a)(1). Ms. White claims the Court erred in imposing sentence under 21 U.S.C. § 841(b)(1)(B) rather than § 841(b)(1)(C). We affirm.

Ms. White argues that drug quantities triggering § 841(b)(1)(B) are elements of the statutory offense because this provision imposes a mandatory minimum sentence. Therefore, she says, the indictment must have specified drug quantity and the government must have proved that quantity to the jury beyond a reasonable doubt. Since the quantity of methamphetamine involved in the charge here was not alleged in the indictment or proved to the jury, she argues that she should have been sentenced under § 841(b)(1)(C), which has no mandatory minimum. We disagree.

We have held that where a defendant is sentenced within the statutory range of the basic crime for which she was convicted, drug quantity does not have to appear in the indictment or be found by a jury beyond a reasonable doubt. See United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000). Here, Ms. White's sentence of 60 months (5 years) imprisonment is within the statutory range of 0 to 20 years provided by § 841(b)(1)(C), which does not reference a specific drug quantity for methamphetamine. Thus, there was no error in Ms. White's sentence.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-